```
                  UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MASSACHUSETTS

                                    CIVIL ACTION NO.:14-13647



***********************************)
LEONARD WHITE,                     )
    Plaintiff,                     )
                                   )
                                   )
Vs.                                )       C O M P L A I N T
                                   )
                                   )
WOODS HOLE, MARTHA'S VINEYARD      )
AND NANTUCKET STEAMSHIP AUTHORITY  )
    Defendant.                     )
***********************************
```

## INTRODUCTION

1. This is an action for maritime personal injuries that occurred on or about May 11, 2012, while the plaintiff, Leonard White was in the course of his employment duties aboard the M/V Eagle, a vessel owned, operated and controlled by the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority. The plaintiff, Leonard White brings his causes of action against the defendant for his personal injuries under a negligence theory of liability and also brings claims against the defendant for punitive damages. All claims are asserted under General Maritime Law, as well as under established case law for negligence. Further, the

1

plaintiff asserts claims to recover damages for the injuries he sustained under the Jones Act, 46 U.S.C. sec. 30104.

## JURISDICTION

2.   This is a maritime action brought pursuant to 28 U.S.C. sec 1333(1).  Further, claims are asserted under the Jones Act, 46 U.S.C. sec. 30104.

## THE PARTIES

3.   The plaintiff, Leonard White, is an individual who resides at 34 Sconset Circle, Sandwich, Commonwealth of Massachusetts.

4.   The defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, is a duly organized corporation with its principal place of business at 1 Cowdry Road, Woods Hole, Falmouth, Commonwealth of Massachusetts, and at all material times hereto owned, operated and/or controlled the M/V Eagle.

## THE FACTS

5.   On May 11, 2012, the plaintiff, Leonard White, was working aboard the M/V Eagle, a vessel owned, operated and/or under the control of the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, and was in the course of his duties as a wiper as an employee of the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority.

6. On or about May 11, 2012, the plaintiff, Leonard White was 66 years of age and in good health, able to perform any and all of his duties as a wiper for the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority.

7. At the time of the subject incident described as follows, the plaintiff, Leonard White, was in the exercise of due care.

8. While on board the vessel "M/V Eagle", and while in the course of his duties as a wiper for the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, the plaintiff, Leonard White, was moving two large cylindrical water tanks below deck, while the vessel was underway on navigable waters.

9. The plaintiff, Leonard White, herein alleges that the task of moving these tanks was outside of and beyond the scope of his duties as a wiper with the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority.

10. According to the employer-employee relationship and according to the job description for a wiper, that the plaintiff, Leonard White, had with his employer, the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, the plaintiff, Leonard White was not to do repairs or move items of the size and weight of the two cylindrical water tanks.

11. More specifically, it is alleged that the duty of moving cylindrical water tanks such as the ones involved in the subject

incident, were within the scope of employment of another category of employee, a plumber helper, not within the scope of employment of a wiper such as the plaintiff, Leonard White.

12. Or about May 11, 2012, at the time and place of the subject incident, the plaintiff, Leonard White, was not supplied with a plumber helper by the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, to perform the tank moving task on behalf of and for the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority.

13. The defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, knew or should have known that it had not furnished the plaintiff, Leonard White with the needed and necessary assistance to carry out the task of moving the cylindrical water tanks, and the defendant was negligent in failing to provide such assistance to its employee, the plaintiff, Leonard White, fully aware that the plaintiff, Leonard White, was not to move such equipment as the water tanks.

14. Furthermore, although moving the two water pressure tanks was beyond the ambit of his employment, the plaintiff, Leonard White, was told by servants, agents and employees of the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, to move the two water tanks.

15. As a result, and in the course of moving the two water tanks below decks, the plaintiff, Leonard White, was caused to sustain serious and sever personal injuries, more specifically to his right shoulder.

16. It is alleged that the injuries sustained by the plaintiff, Leonard White, were caused by the negligent conduct of the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority.

17. Because of its conduct and the causing of the plaintiff, Leonard White's injuries, the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, is responsible for the full and complete compensation to the plaintiff, Leonard White, for all damages related to this incident and all resulting injuries and damages.

18. As a result of the injuries sustained in this incident, the plaintiff, Leonard White, required right shoulder rotator cuff surgery that required further rehabilitation and treatment. This surgery resulted in permanent visible scarring.  The plaintiff, Leonard White, has a life expectancy of approximately 18 years.

19. As a result of the injuries sustained in this incident, the plaintiff, Leonard White, incurred medical expenses in the amount of $49,828.99, and calculable lost wages in the amount of

approximately $28,854, for an aggregate amount of calculable damages of $78,000.00+.

## CAUSES OF ACTION

### First Cause of Action
20.  This is a cause of action by the plaintiff, Leonard White, for damages alleged under the Jones Act, including pain and suffering, permanent injury, permanent scarring and on-going physical complications.

### Second Cause of Action
21.  This is a cause of action by the plaintiff, Leonard White, for damages alleged under general maritime law, including pain and suffering, permanent injury, permanent scarring and on-going physical complications.

## DEMANDS FOR RELIEF

   A.  The plaintiff, Leonard White, demands judgment against the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, in the amount of $325,000, an amount that will reasonably compensate him, together with interest and costs, and whatever other relief is deemed just by this court with respect to the First Cause of Action.

B.   The plaintiff, Leonard White, demands judgment against the defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, in the amount of $325,000, in an amount that will reasonably compensate him, together with interest and costs, and whatever other relief is deemed just by this court with respect to the Second Cause of Action.

## CLAIM FOR JURY TRIAL

The plaintiff, Leonard White, claims a trial by jury.

The plaintiff,
Leonard White,
By his attorneys,

/s/  Stephen M. Salon
STEPHEN M. SALON
B.B.O. NO. 439280
DENNIS P. PHILLIPS
B.B.O. NO. 398320
SASSOON & CYMROT
84 STATE STREET
SUITE 820
BOSTON, MA 02109

Dated:_____